745 So.2d 1148 (1999)
Maria RODRIGUEZ, as parent and natural guardian of Lesliet Andrade, a minor, Appellant,
v.
DISCOVERY YEARS, INC., Appellee.
No. 99-502.
District Court of Appeal of Florida, Third District.
December 22, 1999.
Hoppe & Stokes and Eric M. Ellsley, Miami, for appellant.
Diane H. Tutt (Plantation), for appellee.
Before GERSTEN, FLETCHER, and SORONDO, JJ.
FLETCHER, Judge.
Maria Rodriguez, on behalf of her six-year-old daughter, Lesliet, appeals from a final summary judgment in favor of Discovery Years, Inc., in a negligent supervision case. We affirm the judgment and write only to emphasize that there occur some accidents for which no liability can be attached to other persons.
Here Lesliet was injured at Discovery Years school while playing with a "Nerf" ball. As she went to retrieve the ball she grabbed at the bathroom door jamb to keep herself from falling. Unfortunately, at precisely that split second another student, who had just entered the bathroom, was closing the door. Lesliet's finger was trapped, cutting off its tip. The teacher in the classroom was busy helping other students *1149 with their work and did not observe the incident.
Lesliet underwent surgery to reattach the tip and reconstruct the finger. Her mother sued the school on a theory of negligent supervision.[1] The trial court entered summary judgment against her, a correct decision on its part.
When faced with a similar situation, the Fourth District Court of Appeal concluded that the teacher was not obliged (had no duty) to sit watch over the bathroom door so as to prevent an injury such as the one here (and there). Benton v. School Bd. of Broward County, 386 So.2d 831 (Fla. 4th DCA 1980). We will not attempt here to restate the legal logic of Benton, with which we wholly agree; rather we encourage our readers (hoping there are some in addition to the instant parties), especially those contemplating the filing of an action similar in nature, to read Benton. As we earlier observed, some accidents occur without the attachment of liability on others.
Affirmed.
NOTES
[1] The mother contended that the area by the door was not "designated" as a "play" area, thus Lesliet was negligently permitted to play there. One assumes from this that if it had been "designated" as a play area, the same event would not be actionable. There was, however, no inherent danger in playing at the area, designation or no designation.